

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JUL -8 PM 4: 34

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUCOTE JAX HOLDINGS, L.L.C.,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **VERSUS** | * |
| | * |
| **BANK ONE CORPORATION, n/k/a** | * |
| **J. P. MORGAN CHASE & CO.; BANK ONE** | * |
| **CORPORATION d/b/a BANK ONE** | * |
| **INNOVATIVE STRATEGIES GROUP;** | * |
| **JOHN B. OHLE, III;** | * |
| **SCOTT D. DEICHMANN; and** | * |
| **JEFFREY T. CONRAD,** | * |
| | * |
| **Defendants.** | * |
| | * |

CIVIL ACTION NO.

DIVISION " " 04-1943

MAG. DIV. ( )

SECT. L MAG. 2

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF</u>

Plaintiff, including its owners and affiliates, brings this action against Defendants for their violations

of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, *et seq* and for other causes

of action as set forth herein.

### I.   JURISDICTION AND VENUE

1.     This Honorable Court has jurisdiction over this civil action pursuant to 18 U.S.C.

§§1964(a) and 1964(c), 28 U.S.C. §§1331 and 1337.  This is a civil action arising under 18 U.S.C.


Fee. 150.
Process
X Dktd
CtRmDep.
Doc. No.

§§1961-1968, §901(a) of Title IX of the Organized Crime Control Act of 1970, as amended, otherwise known as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and in particular, under 18 U.S.C. §1964 and other causes of action as set forth hereafter.

2.     Venue lies in this district pursuant to 18 U.S.C. §1965 and 28 U.S.C. §1391. Defendants at relevant times conducted substantial business in this district. The violations occurred in this district. Defendants transact or have transacted their affairs in this district, and their concerted conduct, upon which this action is founded, was directed at and intended to injure Plaintiff in this district.

3.     Defendants, either on their own or through their agents, at the time of the commission of the acts alleged hereunder, were found in, and/or transacted business in the State of Louisiana, and the cause of action which is the object of this Complaint arises out of business transactions in the State of Louisiana, including specific acts within this district.

4.     Defendants, either on their own or through their agents, conspired to commit within the State of Louisiana the wrongful acts alleged in this Complaint and/or committed or participated in the commission of those acts within or without the State of Louisiana, purposefully directing their wrongful acts toward the forum of Louisiana, causing in Louisiana, directly or indirectly, the violations of RICO and the other causes of action set forth herein and Plaintiff's resultant injuries.

5.     Defendants' racketeering activities were conducted through a pattern of acts and transactions which occurred and/or had their effect within the State of Louisiana, in this district.

6.     In connection with the acts and conduct described herein, the Defendants directly or indirectly used the means of interstate commerce, including the mails and telephones.

2

## II.   PARTIES

7.      Plaintiff DUCOTE JAX HOLDINGS, L.L.C. is a corporation organized under the laws of the State of Louisiana, with its principal place of business in Orleans Parish.

8.      Defendant BANK ONE CORPORATION, n/k/a J. P. MORGAN CHASE & CO., was, at all relevant times herein, a business entity formed under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois, in good standing in and authorized to do and doing business in the State of Louisiana.

9.      Defendant BANK ONE CORPORATION d/b/a BANK ONE INNOVATIVE STRATEGIES GROUP was, at all relevant times herein, a business entity formed under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois, in good standing in and authorized to do and doing business in the State of Louisiana.

10.     Upon information and belief, Defendant JOHN B. OHLE, III is a natural person of the full age of majority, a citizen of the State of Illinois and a resident of the city of Wilmette, Cook County.

11.     Upon information and belief, Defendant SCOTT D. DEICHMANN is a natural person of the full age of majority, a citizen of the State of Illinois and a resident of the city of Chicago, Cook County.

12.     Upon information and belief, Defendant JEFFREY T. CONRAD is a natural person of the full age of majority, a citizen of the State of Illinois and a resident of the city of Naperville, Will County.

3

### III.   RICO CAUSE OF ACTION

**DEFENDANTS ARE GUILTY OF CIVIL VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

#### The Rico Enterprise

13.     Plaintiff is a "person" within the meaning of 18 U.S.C. §1964(c).

14.     At all times relevant hereto, Plaintiff and the Defendants were "persons" within the meaning of 18 U.S.C. §1961(3).

15.     An enterprise need not be a specific legal entity but rather may be "any union or group of individuals associated in fact although not a legal entity."

16.     The enterprise at issue in this case, for purposes of 18 U.S.C. §§1961(3) and 1962(a), 1962(b), 1962(c) and 1962(d), is an association-in-fact of all Defendants referred to herein as "the Bank One Enterprise" or "the Enterprise." Additional wrongdoers that may be part of the association-in-fact enterprise (sometimes referred to herein as "Member" or "Members") include the individual Defendants themselves, those employees and agents of the individual Defendants and other non-defendant entities or co-conspirators that participated in the fraudulent representations to the Plaintiff, the public, the courts, and various regulatory and enforcement agencies.

17.     While the Defendants participated in the enterprise and were a part of it, the Defendants also have an existence separate and distinct from the Enterprise.

18.     Defendants maintained an interest in and control of the Enterprise and also conducted or participated in the conduct of the Enterprise's affairs through a pattern of racketeering activity.

19.     Defendants' control and participation in the Enterprise were necessary for the successful operation of Defendants' scheme.

4

20.     The Enterprise had an ascertainable structure separate and apart from the pattern of racketeering activity in which the Defendants engaged.

21.     The Bank One Enterprise worked together to orchestrate the tax strategies at issue and shared fees, costs, information, resources, and the fruits of its predicate acts. The association-in-fact enterprise, the Bank One Enterprise, was a formal, ongoing relationship which functioned as a continuing unit, pursuing a course of conduct (i.e. the series of tax strategies), with a common or shared purpose (i.e. to convince potential clients to allow it to attempt to eliminate those clients' tax liabilities, all the while charging exorbitant fees) and continuity of structure and personnel (including partners, associates and support staff). On information and belief, the tax strategies discussed herein are just an example of those in which the Bank One Enterprise participated as a decision-making, financing and functioning unit.

22.     Defendants and those employed by and/or associated with the Bank One Enterprise, which engaged in interstate commerce, have conducted the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §§1962(a) and (b), and have conspired to violate §1962(c) in violation of §1962(d) by designing, creating, engineering, implementing, marketing, promoting and/or selling transactions which were designed to reduce or eliminate tax liability and which have been, or will be, determined by the Internal Revenue Service to be illegal and/or abusive tax shelters under Internal Revenue Service Notice 2000-44, Internal Revenue Service Announcement 2004-46, and/or other Internal Revenue Service Notices or Announcements.

23.     All Defendants have violated 18 U.S.C. §1962(d), inasmuch as they knowingly, intentionally, and unlawfully, aiding and abetting each other, conspired to conduct and participate, directly

or indirectly, in the conduct of the affairs of the Bank One Enterprise, through the pattern of racketeering activity described herein.

### Defendants' Scheme

24.    For a substantial period of time, the Defendants knowingly, intentionally and directly participated in, or aided and abetted, counseled, commanded, induced, procured or caused and conspired in the solicitation of clients to participate in tax strategies which were designed to reduce or eliminate tax liability for their clients by means of false or fraudulent representations or promises by the use of the mails and/or wires for purposes of the execution of their scheme. In furtherance of their scheme, Defendants failed to reveal to the Plaintiff the number of other participants that were solicited by the Bank One Enterprise for placement into and that actually did participate in these same or similar tax strategies which the Enterprise knew, should have known, and was in the best position to know likely would not withstand the challenge and/or scrutiny of the Internal Revenue Service.

25.    The particulars of the scheme concocted by the Defendants to reduce or eliminate tax liability by means of false or fraudulent representations or promises in the instant case consist of the following:

    a.    In or around October of 2001, Plaintiff was approached in New Orleans by Defendant John B. Ohle, III, who proposed that the Bank One Enterprise offered new and unique products or strategies which could reduce or eliminate certain of the Plaintiff's 2001 tax liabilities.

b.      Plaintiff's decision to engage the Bank One Enterprise was based on the advice, representations and recommendations of Defendant Ohle and the Bank One Enterprise during the initial presentation and thereafter.

c.      As a result of the interaction with Ohle and the Bank One Enterprise, Plaintiff entered into a series of transactions which were orchestrated by the Bank One Enterprise.

d.      Other members of the Enterprise were directed by John B. Ohle, III and the Bank One Enterprise to perform acts in furtherance of the scheme.

e.      Other Members of the Enterprise and co-conspirators in the Enterprise were paid out of the fees paid by Plaintiff to the Bank One Enterprise, in many cases without the knowledge of Plaintiff, in furtherance of the Enterprise.

f.      Prior to and during all transactions relative hereto, the Bank One Enterprise represented to Plaintiff that these tax strategies were new and unique and as such, not substantially similar to transactions that had been deemed abusive by the Internal Revenue Service ("IRS") in its August, 2000 Notice 2000-44 and/or other Notices and Announcements relevant thereto.

g.      The fees paid by the Plaintiff enabled the Bank One Enterprise to solicit other individuals and entities to participate in the tax strategies at issue.

h.      The Bank One Enterprise failed to disclose that there were hundreds of other participants that were sold similar or identical tax strategy products to those sold to the Plaintiff; that were involved in the same or substantially similar tax strategies designed, created, engineered, implemented, marketed, promoted and/or sold by the Bank One Enterprise.

7

i.  The Bank One Enterprise deliberately misled Plaintiff into believing that the number of other participants was exptremely limited, and as such, that the proprietary nature of the transactions would not be compromised.

j.  On January 9, 2002, Plaintiff was sent tax legal opinions and other information necessary to complete tax returns with respect to the transactions at issue. The opinions Plaintiff received stated in pertinent part: "we are of the opinion that the described tax consequences have substantial authority and that it is more likely than not that you should prevail if challenged by the IRS."

k.  The Bank One Enterprise told Plaintiff:

    i.  that the tax legal opinion it provided was highly defensible,

    ii.  that if the strategies ever came to the attention of the IRS, at worst, the IRS would settle at a substantial discount of the tax liability otherwise due, and

    iii.  that, due to the underlying defensibility of the opinion to the Plaintiff and the litigation risk to the IRS, Ducote Jax Holdings, L.L.C. would not have to pay interest or penalties.

l.  On May 20, 2004, the Plaintiff was notified that the transactions it had entered into *were* or would be determined to be potentially abusive pursuant to IRS Notice 2000-44, and was further notified that the deadline for disclosure and for entering into preliminary settlement discussions with the IRS, pursuant to IRS Announcement 2004-46, was June 21, 2004.

m.      Plaintiff was denied the opportunity to make a well-reasoned business decision regarding

the risks involved in engaging in the schemes concocted by the Bank One Enterprise, due

to various misrepresentations and failures to disclose made by the Bank One Enterprise.

n.      The collective number of the strategies and/or transactions that the Bank One Enterprise

designed, created, engineered, implemented, marketed, promoted and/or sold

compromised the viability of all of the transactions globally; in fact, the sheer volume of

transactions caused a cascading effect upon the outcome of each individual transaction,

invariably causing each one of them to be deemed potentially illegal and/or abusive.

26.      The Bank One Enterprise never fully disclosed the risks or clearly articulated the nature

of the transactions to Plaintiff and, in fact, completely misrepresented the worst case scenario to the Plaintiff.

Moreover, the Bank One Enterprise failed to even provide the tax legal opinions until *after* Plaintiff paid

the fees for those opinions in full.

## Predicate Acts

27.      With respect to the activities alleged herein, the Bank One Enterprise acted at all times with

malice toward the Plaintiff, with the intent to engage in the conduct complained of for the benefit of

Defendants and with knowledge that such conduct constituted unlawfulness.  Such conduct was done with

actionable wantonness and reckless disregard for the rights of Plaintiff.

28.      With respect to the activities alleged herein, the Bank One Enterprise was seeking to aid

and abet and was aiding and abetting a transaction to violate 18 U.S.C. §§1962(a), (b) and (c).  Each

Member of the Bank One Enterprise agreed to interfere with, obstruct, delay or affect interstate commerce

by attempting to obtain and/or actually obtaining property interests to which the Enterprise was not entitled.

29.     With respect to the overt acts and activities alleged herein, each Member of the Bank One Enterprise conspired with each other non-defendant entity or co-conspirator to violate 18 U.S.C. §§1962(a), (b) and (c), all in violation of 18 U.S.C. §1962(d).  Pursuant In violation of §1962(c), each Member of the Bank One Enterprise agreed and conspired with each other Member, including others not named as Defendants in this matter, to: 1) pursuant to §1962(a), invest fees paid by Plaintiff into soliciting other clients, causing other individuals and business entities to participate in the tax strategies at issue, in turn causing the IRS to deem all such tax strategies potentially illegal and/or abusive; and 2) pursuant to §1962(b), acquire or maintain property interests to which the Bank One Enterprise was not entitled through its racketeering activity by charging exorbitant fees for tax strategies it knew or should have known would likely be deemed unacceptable by the IRS.

30.     The Bank One Enterprise and its individual Members exceeded any legitimate role of diligent tax advisers by designing, creating, engineering, implementing, marketing, promoting and/or selling a series of these tax strategies in an attempt to conspire to obtain money in the form of fees and commissions.  Upon information and belief, the Bank One Enterprise participated in some of these transactions via partnerships that it formed to make the strategies perform.  Many of these tax strategies have been and/or likely will be deemed illegal and/or abusive pursuant to IRS Regulations, Notices and Announcements.

31.     The Bank One Enterprise was in the best position to know that these strategies were potentially illegal and/or abusive.  The Enterprise and its co-conspirators placed hundreds of individuals and business entities into these strategies and yet failed to reveal to the Plaintiff the number of other participants that were solicited by the Bank One Enterprise for placement into and that did actually participate in the

same or similar tax strategies. The Enterprise knew, should have known, and was in the best position to know that these strategies would not withstand the challenge and/or scrutiny of the Internal Revenue Service.

32.     The Bank One Enterprise and its co-conspirators failed to reveal to the Plaintiff the number of other participants that were solicited by the Bank One Enterprise for placement into and that did actually participate in the same or similar tax strategies which the Enterprise knew, should have known, and was in the best position to know would not withstand the challenge and/or scrutiny of the Internal Revenue Service. The collective number of the strategies and/or transactions that the Bank One Enterprise designed, created, engineered, implemented, marketed, promoted and/or sold compromised the viability of all of the transactions globally; in fact, the sheer volume of transactions caused a cascading effect upon the outcome of each individual transaction, invariably causing each one of them to be deemed potentially illegal and/or abusive.

33.     The Bank One Enterprise's schemes have resulted in severe financial and business losses to the Plaintiff. Moreover, as a result of the Bank One Enterprise's wire fraud and mail fraud violations, Plaintiff has suffered extensive monetary damages consisting of unexpected tax liability, fees and commissions paid to the Bank One Enterprise, as well as interest and penalties which the Internal Revenue Service will likely seek. Plaintiff has also suffered additional damages, including but not limited to opportunity costs, additional legal, tax advisor and accountant fees and reputational damage.

34.     The Bank One Enterprise's documents and communications associated with the schemes at issue contained false and/or misleading representations, including but not limited to assertions that:

11

a.   No penalties would or could be assessed by the IRS or state taxing authorities because the transaction's unique characteristics and the opinion itself provided complete "penalty protection.."

b.   A bona fide attorney-client privilege would apply to the transactions, such that the name of the Plaintiff would not and could not be revealed to any third party whatsoever, including the IRS, without the client's consent.

c.   An independent third party would review and advise the Plaintiff as to the tax strategy's legitimacy.

d.   These strategies were new and unique and would not be subject to the same scrutiny as other potentially illegal and abusive strategies that had been identified by the IRS in its earlier Notices and/or Announcements.

e.   The tax legal opinion it provided was highly defensible.

f.   If the strategies ever came to the attention of the IRS, at worst, the IRS would settle at a substantial discount of the tax liability otherwise due.

g.   Due to the underlying defensibility of the opinion to the Plaintiff and the litigation risk to the IRS, Ducote Jax Holdings, L.L.C. would not have to pay interest or penalties.

35.   These misrepresentations constitute "false or fraudulent pretenses, representations or promises" within the meaning of the mail fraud (18 U.S.C. §1341) and wire fraud (18 U.S.C. §1343) provisions.

36.   All of the Members of the Bank One Enterprise actively participated in this elaborate and abusive scheme to obtain money from Plaintiff.

12

37.    Unbeknownst to the Plaintiff, the allegedly independent third parties that were assembled to review and advise as to the legitimacy of the tax strategies at issue were actually solicited and paid by the Bank One Enterprise, and as a result, such third parties were substantially compromised and could not and did not fulfill their fiduciary and other good faith obligations to the Plaintiff.

38.    The numerous predicate acts of mail and wire fraud described herein are part of separate fraudulent transactions by the Bank One Enterprise designed to defraud the Plaintiff of money and property interests under false pretenses. As victims of these unlawful patterns of illegal behavior, Plaintiff has continued to suffer losses.

39.    In carrying out the overt acts and fraudulent transactions described herein, the Defendants engaged in conduct in violation of various state and federal laws and regulations, including but not limited to 18 U.S.C. §§1341, 1343, 1346 and 1961 *et seq*, and both state and federal banking laws.

40.    18 U.S.C. 1961(1) provides that "racketeering activity means any act indictable under any of the following provisions of Title 18, United States Code: §1341 (relating to mail fraud), §1343 (relating to wire fraud), and §1346 (relating to scheme or artifice to defraud).

## Violations of 18 U.S.C. Sections 1341 and 1343

41.    For the purpose of executing and/or attempting to execute its transaction to defraud and to obtain money by means of false pretenses, representations or promises, the Bank One Enterprise, in violation of 18 U.S.C. §1341, placed in post offices and/or in authorized repositories for mail, matter and things to be sent or delivered by the Postal Service and received matter and things therefrom including but not limited to contracts, instructions, correspondence, opinion letters, and other items.

13

42.    For the purpose of executing and/or attempting to execute its transaction to defraud and obtain money by means of false pretenses, representations or promises, the Bank One Enterprise, in violation of 18 U.S.C. §1343, transmitted and received by wire, matter and things therefrom, including but not limited to contracts, instructions, correspondence, opinion letters, funds and other things.

43.    The Bank One Enterprise's use of the mails and wires includes private and public components.

44.    The Bank One Enterprise utilized the U.S. Mail and wire to communicate among themselves, as well as with its co-conspirators and its clients. In order to carry out and implement its scheme, the Bank One Enterprise necessarily had to communicate by the mails and wires.

45.    In those matters and things sent or delivered by the Postal Service, by wire and through other interstate electronic media, the Bank One Enterprise falsely and fraudulently misrepresented and fraudulently suppressed material facts from Plaintiff, in violation of 18 U.S.C. §§1341 and 1343, including but not limited to the following:

a.    Misrepresenting the proposed transactions as unique and/or distinct from those previously designed by other promoters;

b.    Falsely claiming that the transactions and the to-be-received tax opinions would protect the taxpayers from any tax penalties;

c.    Misrepresenting the likelihood that the taxpayers would prevail should a dispute arise with taxing authorities;

d.    Falsely stating that the Bank One Enterprise and/or its Members would prepare and provide an initial defense should an IRS inquiry ensue;

14

e.    Falsely claiming that the transactions and/or all of the transactions' related information and data was privileged and would be protected from an IRS summons or request to the Bank One Enterprise and/or its Members;

f.    Failing to disclose that similar and potentially compromising files would be held in the custody of the Bank One Enterprise, would thus not be protected by the attorney-client privilege, and would actually be provided to the IRS;

g.    Misrepresenting the volume of transactions originated by The Bank One Enterprise;

h.    Misrepresenting the volume of transactions with which the Member of the Enterprise that actually provided the tax legal opinion produced opinions;

i.    Failing to disclose the true likelihood that the IRS would not accept the tax treatment of these transactions as indicated in the opinion letters; and

j.    Failing to disclose the collective number of the strategies and/or transactions that the Bank One Enterprise designed, created, engineered, implemented, marketed, promoted and/or sold, which, in fact, compromised the viability of all of the transactions globally, as the sheer volume of transactions caused a cascading effect upon the outcome of each individual transaction, invariably causing each one of them to be deemed potentially illegal and/or abusive.

46.    The Bank One Enterprise intentionally and knowingly made these misrepresentations and intentionally and knowingly suppressed material facts from the Plaintiff for the purpose of deceiving it and thereby obtaining financial gain. The Bank One Enterprise either knew, should have known, or recklessly disregarded that the misrepresentations and omissions described herein were material. Plaintiff justifiably

15

relied on the misrepresentations and omissions in carrying out the transactions and in subsequently filing its tax returns.

47.     There are numerous specific examples of the predicate acts of mail and wire fraud committed by the Bank One Enterprise pursuant to its transaction to defraud Plaintiff.

48.     Plaintiff has therefore been injured in its business or property by the Bank One Enterprise's overt acts and racketeering activities.

## Pattern of Racketeering Activity

49.     The violations set forth herein constitute "racketeering activities" or "predicate acts" within the meaning of 18 U.S.C. §1961(l), and include but are not limited to:

a.     Misrepresenting the proposed transactions as unique and/or distinct from those previously designed by other promoters;

b.     Falsely claiming that the transactions and the to-be-received tax opinions would protect the taxpayers from any tax penalties;

c.     Misrepresenting the likelihood that the taxpayers would prevail should a dispute arise with taxing authorities;

d.     Falsely stating that the Bank One Enterprise and/or its Members would prepare and provide an initial defense should an IRS inquiry ensue;

e.     Falsely claiming that the transactions and/or all of the transactions' related information and data would be protected from an IRS summons or request to the Bank One Enterprise and/or its Members;

f.      Failing to disclose that similar and potentially compromising files would be held in the

        custody of the Bank One Enterprise, would thus not be protected by the attorney-client

        privilege, and would actually be provided to the IRS;

g.      Misrepresenting the volume of transactions originated by the Bank One Enterprise;

h.      Misrepresenting the volume of transactions with which the Member of the Enterprise that

        actually provided the tax legal opinion produced opinions;

i.      Failing to disclose the true likelihood that the IRS would not accept the tax treatment of

        these transactions as indicated in the opinion letters;

j.      Failing to disclose the collective number of the strategies and/or transactions that the Bank

        One Enterprise designed, created, engineered, implemented, marketed, promoted and/or

        sold, which, in fact, compromised the viability of all of the transactions globally, as the

        sheer volume of transactions caused a cascading effect upon the outcome of each

        individual transaction, invariably causing each one of them to be deemed potentially illegal

        and/or abusive;

k.      Improperly using the position of Defendant Bank One Corporation, n/k/a J.P. Morgan

        Chase & Co. as a multibillion dollar, federally regulated financial institution in order to

        create a relationship of trust and confidence;

l.      Taking advantage of a relationship of trust and confidence and using its knowledge of

        Plaintiff's finances to solicit Plaintiff to participate in tax strategies concocted by the Bank

        One Enterprise;

17

m.    Taking advantage of a relationship of trust and confidence in recommending tax strategies concocted by the Bank One Enterprise;

n.    Advising and recommending that Plaintiff engage in tax strategies concocted by the Bank One Enterprise;

o.    Charging and collecting unreasonable, excessive, and unethical fees;

p.    Failing to fully explain the details of the tax strategies concocted by the Bank One Enterprise before inducing Plaintiff to enter into such scheme, including: 1) failing to identify the various parties involved in the scheme, 2) failing to reveal to the Plaintiff the number of other participants in the scheme, and 3) failing to reveal the collective number of the strategies and/or transactions that the Bank One Enterprise designed, created, engineered, implemented, marketed, promoted and/or sold, which, in fact, compromised the viability of all of the transactions globally, as the sheer volume of transactions caused a cascading effect upon the outcome of each individual transaction, invariably causing each one of them to be deemed potentially illegal and/or abusive;

q.    Designing, creating, engineering, implementing, marketing, promoting and/or selling an abusive, improper, and invalid tax shelter that is likely to be disallowed and/or prohibited by the IRS;

r.    Illegally promoting an unregistered tax shelter by marketing it to Plaintiff;

s.    Failing to disclose to Plaintiff that if it filed tax returns claiming capital and/or ordinary losses based on the tax strategies concocted by the Bank One Enterprise, it would be liable to taxing authorities including the IRS for penalties and interest;

18

t.      Advising Plaintiff that the capital and/or ordinary losses created by the tax strategies concocted by the Bank One Enterprise were legitimate, proper, and in accordance with all applicable tax laws, rules and regulations;

u.      Representing and advising Plaintiff that the various entities formed to carry out the tax strategies concocted by the Bank One Enterprise had a business purpose as well as economic substance;

v.      Directing and assisting Plaintiff in making cash contributions to various entities formed for the purpose of carrying out the tax strategies concocted by the Bank One Enterprise;

w.      Soliciting, assembling and paying allegedly independent third parties to review and advise as to the legitimacy of the tax strategies at issue and, as a result, substantially compromising such third parties so that they could not and did not fulfill their fiduciary and other good faith obligations to the Plaintiff.

x.      Making and endorsing statements and representations contained in the Bank One Enterprises' oral advice, instructions, and recommendations;

y.      Directing, instructing, and assisting Plaintiff in carrying out each of the steps of tax strategies concocted by the Bank One Enterprise;

z.      Directing, instructing, and assisting Plaintiff in purchasing and/or utilizing stocks, bonds and/or foreign currency to carry out the tax strategies concocted by the Bank One Enterprise;

aa.     Failing to advise, recommend, and instruct Plaintiff to amend its tax returns, timely or otherwise;

19

bb.    Advising Plaintiff that IRS Notice 2000-44 did not apply to the tax strategies concocted by the Bank One Enterprise and/or that it did not impact such strategies;

cc.    Failing to advise, recommend and/or instruct Plaintiff to amend its tax returns in light of IRS Notices or Announcements or otherwise;

dd.    Advising Plaintiff that the tax strategies concocted by the Bank One Enterprise was valid and proper in spite of IRS Notice 2000-44;

ee.    Failing to ensure that the transactions into which the Bank One Enterprise advised each Plaintiff to enter complied with applicable State and Federal Rules and Regulations;

ff.    Failing to comply with its ethical obligation to Plaintiff;

gg.    Providing erroneous legal, banking and tax opinions and advice; and

hh.    Enticing, recommending, advising, assisting and directing Plaintiff to enter into a transaction that, unbeknownst to the Plaintiff, likely would be deemed abusive and improper and likely would be disallowed and held invalid by the IRS on the grounds that the transaction lacked economic substance, had no business purpose, was a "sham transaction," and violated the step transaction, sham transaction, and economic substance doctrines, despite the representations to the contrary in the tax legal opinions provided by the Bank One Enterprise.

ii.    Failing to notify Plaintiff that the Bank One Enterprise and its co-conspirators schemed to place hundreds of customers into these tax strategies with full knowledge that they would not pass IRS muster.

20

50.     The Bank One Enterprise has engaged in a "pattern of racketeering activity," as defined in §1961 of RICO, by committing and/or conspiring to commit or aiding and abetting a transaction with at least two such acts of racketeering activity, as described herein, within the past ten years. In fact, upon information and belief, each of the Members of the Bank One Enterprise and its co-conspirators have committed at minimum hundreds of acts of racketeering activity. Each act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting similar victims, including Plaintiff herein.

51.     The Bank One Enterprise's innumerable racketeering activities or predicate acts are related and also amount to a continuous criminal activity.

52.     These predicate acts are related in the sense that they have the same purpose (to carry out the scheme described herein); result (to obtain money); victims (such as Plaintiff herein); method of commission (the scheme described herein); and are otherwise interrelated by distinguishing characteristics and are not isolated events, because they were carried out for the same purpose.

53.     The predicate acts were committed in the same manner, and they constituted the Bank One Enterprise's "normal" way of doing business with regard to giving tax strategy advice. Defendants are also engaged in banking activities separate and apart from the scheme described herein, and their unlawful actions which constitute the predicate acts giving rise to this RICO claim (set forth herein) are within their "normal" and "regular" way of doing business.

54.     The related predicates amount to a continued criminal activity because they extended over a substantial period of time.

55.     The Bank One Enterprise's course of action entails a span of years, during which Defendants committed numerous, related predicate acts as part of its continuing scheme.  Also, the predicate acts are closely intertwined as far as actors, goals, nature, functioning and structure of the operations described herein in the persecution of Plaintiff.

56.     The multiple acts and the continuity and relatedness of racketeering activity committed and/or conspired to or aided and abetted by Defendants, as described herein, were related to each other, amount to and pose a threat of continued racketeering activity, and, therefore, constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. §1961(5).

## IV.    NON-RICO CAUSE OF ACTION

### DECLARATORY JUDGMENT AND UNJUST ENRICHMENT

57.     An actual, justiciable controversy exists between Plaintiff on the one hand and the Bank One Enterprise on the other.

58.     Had the Plaintiff not been enticed to enter into the tax strategies designed, created, engineered, implemented, marketed, promoted and/or sold by the Bank One Enterprise, it would not have paid fees to the Bank One Enterprise.  Plaintiff seeks a declaration that, due to the foregoing lack of consideration, the Bank One Enterprise has been unjustly enriched and all fees paid to the Bank One Enterprise, including but not limited to fees paid to non-defendant co-conspirator Members, should be returned to Plaintiff.

59.     Finally, Plaintiff seeks an award of costs and reasonable and necessary attorneys' fees as are equitable and just.

## V.   NON-RICO CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

60.     The Bank One Enterprise was Plaintiff's fiduciary, and thus owed to Plaintiff the duties of honesty, loyalty, care and compliance.

61.     The Bank One Enterprise breached its fiduciary duties to Plaintiff by advising Plaintiff to engage in the tax strategies designed, created, engineered, implemented, marketed, promoted and/or sold by the Bank One Enterprise in reliance on its advice, representations, recommendations, instructions, and opinions, which the Bank One Enterprise knew or should have known to be improper and illegal, for the purpose of generating huge fees for the Bank One Enterprise.

62.     The Bank One Enterprise breached its fiduciary duties to Plaintiff by, among others, the following acts and/or omissions:

a.     Misrepresenting the proposed transactions as unique and/or distinct from those previously designed by other promoters;

b.     Falsely claiming that the transactions and the to-be-received tax opinions would protect the taxpayers from any tax penalties;

c.     Misrepresenting the likelihood that the taxpayers would prevail should a dispute arise with taxing authorities;

d.     Falsely stating that the Bank One Enterprise and/or its Members would prepare and provide an initial defense should an IRS inquiry ensue;

23

e.     Falsely claiming that the transactions and/or all of the transactions' related information and data would be protected from an IRS summons or request to the Bank One Enterprise and/or its Members;

f.     Failing to disclose that similar and potentially compromising files would be held in the custody of the Bank One Enterprise, would thus not be protected by the attorney-client privilege, and would actually be provided to the IRS;

g.     Misrepresenting the volume of transactions originated by the Bank One Enterprise;

h.     Misrepresenting the volume of transactions with which the Member of the Enterprise that actually provided the tax legal opinion produced opinions;

i.     Failing to disclose the true likelihood that the IRS would not accept the tax treatment of these transactions as indicated in the opinion letters;

j.     Failing to disclose the collective number of the strategies and/or transactions that the Bank One Enterprise designed, created, engineered, implemented, marketed, promoted and/or sold, which, in fact, compromised the viability of all of the transactions globally, as the sheer volume of transactions caused a cascading effect upon the outcome of each individual transaction, invariably causing each one of them to be deemed potentially illegal and/or abusive;

k.     Improperly using the position of Defendant Bank One Corporation, n/k/a J.P. Morgan Chase & Co. as a multibillion dollar, federally regulated financial institution in order to create a relationship of trust and confidence;

l.      Taking advantage of a relationship of trust and confidence and using its knowledge of Plaintiff's finances to solicit Plaintiff to participate in tax strategies concocted by the Bank One Enterprise;

m.      Taking advantage of a relationship of trust and confidence in recommending tax strategies concocted by the Bank One Enterprise;

n.      Advising and recommending that Plaintiff engage in tax strategies concocted by the Bank One Enterprise;

o.      Charging and collecting unreasonable, excessive, and unethical fees;

p.      Failing to fully explain the details of the tax strategies concocted by the Bank One Enterprise before inducing Plaintiff to enter into such scheme, including: 1) failing to identify the various parties involved in the scheme, 2) failing to reveal to the Plaintiff the number of other participants in the scheme, and 3) failing to reveal the collective number of the strategies and/or transactions that the Bank One Enterprise designed, created, engineered, implemented, marketed, promoted and/or sold, which, in fact, compromised the viability of all of the transactions globally, as the sheer volume of transactions caused a cascading effect upon the outcome of each individual transaction, invariably causing each one of them to be deemed potentially illegal and/or abusive;

q.      Designing, creating, engineering, implementing, marketing, promoting and/or selling an abusive, improper, and invalid tax shelter that is likely to disallowed and/or prohibited by the IRS;

r.      Illegally promoting an unregistered tax shelter by marketing it to Plaintiff;

s.      Failing to disclose to Plaintiff that if it filed tax returns claiming capital and/or ordinary losses based on the tax strategies concocted by the Bank One Enterprise, it would be liable to taxing authorities including the IRS for penalties and interest;

t.      Advising Plaintiff that the capital and/or ordinary losses created by the tax strategies concocted by the Bank One Enterprise were legitimate, proper, and in accordance with all applicable tax laws, rules and regulations;

u.      Representing and advising Plaintiff that the various entities formed to carry out the tax strategies concocted by the Bank One Enterprise had a business purpose as well as economic substance;

v.      Directing and assisting Plaintiff in making cash contributions to various entities formed for the purpose of carrying out the tax strategies concocted by the Bank One Enterprise;

w.      Soliciting, assembling and paying allegedly independent third parties to review and advise as to the legitimacy of the tax strategies at issue and, as a result, substantially compromising such third parties so that they could not and did not fulfill their fiduciary and other good faith obligations to the Plaintiff.

x.      Making and endorsing statements and representations contained in the Bank One Enterprises' oral advice, instructions, and recommendations;

y.      Directing, instructing, and assisting Plaintiff in carrying out each of the steps of tax strategies concocted by the Bank One Enterprise;

z.    Directing, instructing, and assisting Plaintiff in purchasing and/or utilizing stocks, bonds and/or foreign currency to carry out the tax strategies concocted by the Bank One Enterprise;

aa.    Failing to advise, recommend, and instruct Plaintiff to amend its tax returns, timely or otherwise;

bb.    Advising Plaintiff that IRS Notice 2000-44 did not apply to the tax strategies concocted by the Bank One Enterprise and/or that it did not impact such strategies;

cc.    Failing to advise, recommend and/or instruct Plaintiff to amend its tax returns in light of IRS Notices or Announcements or otherwise;

dd.    Advising Plaintiff that the tax strategies concocted by the Bank One Enterprise was valid and proper in spite of IRS Notice 2000-44;

ee.    Failing to ensure that the transactions into which the Bank One Enterprise advised each Plaintiff to enter complied with applicable State and Federal Rules and Regulations;

ff.    Failing to comply with its ethical obligation to Plaintiff;

gg.    Providing erroneous legal, banking and tax opinions and advice; and

hh.    Enticing, recommending, advising, assisting and directing Plaintiff to enter into a transaction that, unbeknownst to the Plaintiff, likely would be deemed abusive and improper and would be disallowed and held invalid by the IRS on the grounds that the transaction lacked economic substance, had no business purpose, was a "sham transaction," and violated the step transaction, sham transaction, and economic substance doctrines, despite the

27

representations to the contrary in the tax legal opinions provided by the Bank One Enterprise.

ii.     Failing to notify Plaintiff that the Bank One Enterprise and its co-conspirators schemed to place hundreds of customers into these tax strategies will full knowledge that they would not pass IRS muster.

63.     As a result of the Bank One Enterprise's conduct set forth herein, Plaintiff has suffered injury in that it, among other things: 1) paid to the Bank One Enterprise exorbitant fees, 2) purchased unnecessary investments to effectuate the transactions, 3) took undue financial risk, 4) likely will incur tax penalties and interest, 5) has incurred opportunity costs; 6) has and will continue to incur substantial additional costs in hiring new tax and legal advisors to rectify the situation, 7) has incurred reputational damage, and 8) has foregone alternative tax savings opportunities.

64.     As a proximate cause of the foregoing, Plaintiff has been injured in an actual amount to be proven at trial, and should be awarded damages in accordance with the evidence, plus attorneys' fees and costs.

## VI.    NON-RICO CAUSE OF ACTION

### FRAUD

65.     The Bank One Enterprise made false and misleading allegations in violation of the laws of the United States and the State of Louisiana as set forth herein.

66.     Additionally, the Bank One Enterprise made misrepresentations to the Plaintiff herein for the purpose of inducing Plaintiff to participate in its schemes and to pay the Bank One Enterprise enormous sums of money.

28

67.   In order to induce the Plaintiff to pay it exorbitant fees, the Bank One Enterprise made numerous knowingly false affirmative representations and intentional omissions of material facts to Plaintiff, including but not limited to:

a.   Misrepresenting the proposed transactions as unique and/or distinct from those previously designed by other promoters;

b.   Falsely claiming that the transactions and the to-be-received tax opinions would protect the taxpayers from any tax penalties;

c.   Misrepresenting the likelihood that the taxpayers would prevail should a dispute arise with taxing authorities;

d.   Falsely stating that the Bank One Enterprise and/or its Members would prepare and provide an initial defense should an IRS inquiry ensue;

e.   Falsely claiming that the transactions and/or all of the transactions' related information and data would be protected from an IRS summons or request to the Bank One Enterprise and/or its Members;

f.   Failing to disclose that similar and potentially compromising files would be held in the custody of the Bank One Enterprise, would thus not be protected by the attorney-client privilege, and would actually be provided to the IRS;

g.   Misrepresenting the volume of transactions originated by the Bank One Enterprise;

h.   Misrepresenting the volume of transactions with which the Member of the Enterprise that actually provided the tax legal opinion produced opinions;

i.      Failing to disclose the true likelihood that the IRS would not accept the tax treatment of these transactions as indicated in the opinion letters;

j.      Failing to disclose the collective number of the strategies and/or transactions that the Bank One Enterprise designed, created, engineered, implemented, marketed, promoted and/or sold, which, in fact, compromised the viability of all of the transactions globally, as the sheer volume of transactions caused a cascading effect upon the outcome of each individual transaction, invariably causing each one of them to be deemed potentially illegal and/or abusive;

k.      Improperly using the position of Defendant Bank One Corporation, n/k/a J.P. Morgan Chase & Co. as a multibillion dollar, federally regulated financial institution in order to create a relationship of trust and confidence;

l.      Taking advantage of a relationship of trust and confidence and using its knowledge of Plaintiff's finances to solicit Plaintiff to participate in tax strategies concocted by the Bank One Enterprise;

m.      Taking advantage of a relationship of trust and confidence in recommending tax strategies concocted by the Bank One Enterprise;

n.      Advising and recommending that Plaintiff engage in tax strategies concocted by the Bank One Enterprise;

o.      Charging and collecting unreasonable, excessive, and unethical fees;

p.      Failing to fully explain the details of the tax strategies concocted by the Bank One Enterprise before inducing Plaintiff to enter into such scheme, including: 1) failing to identify

the various parties involved in the scheme, 2) failing to reveal to the Plaintiff the number of other participants in the scheme, and 3) failing to reveal the collective number of the strategies and/or transactions that the Bank One Enterprise designed, created, engineered, implemented, marketed, promoted and/or sold, which, in fact, compromised the viability of all of the transactions globally, as the sheer volume of transactions caused a cascading effect upon the outcome of each individual transaction, invariably causing each one of them to be deemed potentially illegal and/or abusive;

q.   Designing, creating, engineering, implementing, marketing, promoting and/or selling an abusive, improper, and invalid tax shelter that is likely to disallowed and/or prohibited by the IRS;

r.   Illegally promoting an unregistered tax shelter by marketing it to Plaintiff;

s.   Failing to disclose to Plaintiff that if it filed tax returns claiming capital and/or ordinary losses based on the tax strategies concocted by the Bank One Enterprise, it would be liable to taxing authorities including the IRS for penalties and interest;

t.   Advising Plaintiff that the capital and/or ordinary losses created by the tax strategies concocted by the Bank One Enterprise were legitimate, proper, and in accordance with all applicable tax laws, rules and regulations;

u.   Representing and advising Plaintiff that the various entities formed to carry out the tax strategies concocted by the Bank One Enterprise had a business purpose as well as economic substance;

31

v.      Directing and assisting Plaintiff in making cash contributions to various entities formed for the purpose of carrying out the tax strategies concocted by the Bank One Enterprise;

w.      Soliciting, assembling and paying allegedly independent third parties to review and advise as to the legitimacy of the tax strategies at issue and, as a result, substantially compromising such third parties so that they could not and did not fulfill their fiduciary and other good faith obligations to the Plaintiff.

x.      Making and endorsing statements and representations contained in the Bank One Enterprises' oral advice, instructions, and recommendations;

y.      Directing, instructing, and assisting Plaintiff in carrying out each of the steps of tax strategies concocted by the Bank One Enterprise;

z.      Directing, instructing, and assisting Plaintiff in purchasing and/or utilizing stocks, bonds and/or foreign currency to carry out the tax strategies concocted by the Bank One Enterprise;

aa.     Failing to advise, recommend, and instruct Plaintiff to amend its tax returns, timely or otherwise;

bb.     Advising Plaintiff that IRS Notice 2000-44 did not apply to the tax strategies concocted by the Bank One Enterprise and/or that it did not impact such strategies;

cc.     Failing to advise, recommend and/or instruct Plaintiff to amend its tax returns in light of IRS Notices or Announcements or otherwise;

dd.     Advising Plaintiff that the tax strategies concocted by the Bank One Enterprise was valid and proper in spite of IRS Notice 2000-44;

ee.   Failing to ensure that the transactions into which the Bank One Enterprise advised each Plaintiff to enter complied with applicable State and Federal Rules and Regulations;

ff.   Failing to comply with its ethical obligation to Plaintiff;

gg.   Providing erroneous legal, banking and tax opinions and advice; and

hh.   Enticing, recommending, advising, assisting and directing Plaintiff to enter into a transaction that, unbeknownst to the Plaintiff, likely would be deemed abusive and improper and would be disallowed and held invalid by the IRS on the grounds that the transaction lacked economic substance, had no business purpose, was a "sham transaction," and violated the step transaction, sham transaction, and economic substance doctrines, despite the representations to the contrary in the tax legal opinions provided by the Bank One Enterprise.

ii.   Failing to notify Plaintiff that the Bank One Enterprise and its co-conspirators schemed to place hundreds of customers into these tax strategies will full knowledge that they would not pass IRS muster.

68.   The above intentional omissions of material fact and/or affirmative representations made by each Member of the Bank One Enterprise and its co-conspirators were false or were likely to be false when made and the Bank One Enterprise knew or should have known these representations to be false when made with the intention that Plaintiff rely on them in entering into the tax strategies concocted by the Bank One Enterprise and thereby pay it exorbitant fees and commissions. In addition, the above affirmative misrepresentations and/or intentional omissions of material fact were made knowingly by the Members of

33

the Bank One Enterprise with the intent to induce Plaintiff to enter into the abusive tax strategies and pay it exorbitant fees.

69.     In reasonable reliance on the Bank One Enterprise's false affirmative representations and intentional omissions of material facts regard the transactions at issue, Plaintiff paid exorbitant fees to execute the transactions, purchased unnecessary investments, did not avail itself of alternative tax savings opportunities, filed federal and state tax returns that have been and/or likely will be deemed to reflect improper deductions for capital and ordinary losses resulting from the transactions, and did not amend its tax returns.

70.     But for the Bank One Enterprise's intentional misrepresentations and material omissions described herein, Plaintiff would never have engaged the Bank One Enterprise for advice on its tax strategies, engaged in the transactions at issue, claimed the purportedly resulting capital and/or ordinary losses on its income tax returns, filed and signed its tax returns in reliance on the advice of the Bank One Enterprise, failed to amend its tax returns, and/or failed to avail itself of other alternative tax savings opportunities.

71.     After discovering the Bank One Enterprise's fraud, Plaintiff incurred and will continue to incur substantial additional costs in hiring new tax and legal advisors to rectify the situation. As a result of the Bank One Enterprise's conduct set forth herein, Plaintiff has suffered injury in that it, among other things: 1) paid to the Bank One Enterprise exorbitant fees, 2) purchased unnecessary investments to effectuate the transactions, 3) took undue financial risk, 4) likely will incur tax penalties and interest, 5) has incurred opportunity costs; 6) has and will continue to incur substantial additional costs in hiring new tax and legal

34

advisors to rectify the situation, 7) has incurred reputational damage, and 8) has foregone alternative tax savings opportunities.

72.     As a proximate cause of the foregoing, Plaintiff has been injured in an actual amount to be proven at trial, and should be awarded damages in accordance with the evidence, plus attorneys' fees and costs.

## VII.    NON-RICO CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

73.     The Bank One Enterprise owed Plaintiff duties of care, loyalty and honesty, and a duty to comply with the applicable standards of care.

74.     During the course of its dealings with Plaintiff, the Bank One Enterprise made numerous knowingly or negligently false affirmative representations, and intentional or negligently misleading omissions of fact, and gave numerous recommendations, advice, instructions, and opinions to Plaintiff, including but not limited to:

a.     Misrepresenting the proposed transactions as unique and/or distinct from those previously designed by other promoters;

b.     Falsely claiming that the transactions and the to-be-received tax opinions would protect the taxpayers from any tax penalties;

c.     Misrepresenting the likelihood that the taxpayers would prevail should a dispute arise with taxing authorities;

d.     Falsely stating that the Bank One Enterprise and/or its Members would prepare and provide an initial defense should an IRS inquiry ensue;

35

e.    Falsely claiming that the transactions and/or all of the transactions' related information and data would be protected from an IRS summons or request to the Bank One Enterprise and/or its Members;

f.    Failing to disclose that similar and potentially compromising files would be held in the custody of the Bank One Enterprise, would thus not be protected by the attorney-client privilege, and would actually be provided to the IRS;

g.    Misrepresenting the volume of transactions originated by the Bank One Enterprise;

h.    Misrepresenting the volume of transactions with which the Member of the Enterprise that actually provided the tax legal opinion produced opinions;

i.    Failing to disclose the true likelihood that the IRS would not accept the tax treatment of these transactions as indicated in the opinion letters;

j.    Failing to disclose the collective number of the strategies and/or transactions that the Bank One Enterprise designed, created, engineered, implemented, marketed, promoted and/or sold, which, in fact, compromised the viability of all of the transactions globally, as the sheer volume of transactions caused a cascading effect upon the outcome of each individual transaction, invariably causing each one of them to be deemed potentially illegal and/or abusive;

k.    Improperly using the position of Defendant Bank One Corporation, n/k/a J.P. Morgan Chase & Co. as a multibillion dollar, federally regulated financial institution in order to create a relationship of trust and confidence;

36

l.    Taking advantage of a relationship of trust and confidence and using its knowledge of Plaintiff's finances to solicit Plaintiff to participate in tax strategies concocted by the Bank One Enterprise;

m.    Taking advantage of a relationship of trust and confidence in recommending tax strategies concocted by the Bank One Enterprise;

n.    Advising and recommending that Plaintiff engage in tax strategies concocted by the Bank One Enterprise;

o.    Charging and collecting unreasonable, excessive, and unethical fees;

p.    Failing to fully explain the details of the tax strategies concocted by the Bank One Enterprise before inducing Plaintiff to enter into such scheme, including: 1) failing to identify the various parties involved in the scheme, 2) failing to reveal to the Plaintiff the number of other participants in the scheme, and 3) failing to reveal the collective number of the strategies and/or transactions that the Bank One Enterprise designed, created, engineered, implemented, marketed, promoted and/or sold, which, in fact, compromised the viability of all of the transactions globally, as the sheer volume of transactions caused a cascading effect upon the outcome of each individual transaction, invariably causing each one of them to be deemed potentially illegal and/or abusive;

q.    Designing, creating, engineering, implementing, marketing, promoting and/or selling an abusive, improper, and invalid tax shelter that is likely to disallowed and/or prohibited by the IRS;

r.    Illegally promoting an unregistered tax shelter by marketing it to Plaintiff;

37

s.     Failing to disclose to Plaintiff that if it filed tax returns claiming capital and/or ordinary losses based on the tax strategies concocted by the Bank One Enterprise, it would be liable to taxing authorities including the IRS for penalties and interest;

t.     Advising Plaintiff that the capital and/or ordinary losses created by the tax strategies concocted by the Bank One Enterprise were legitimate, proper, and in accordance with all applicable tax laws, rules and regulations;

u.     Representing and advising Plaintiff that the various entities formed to carry out the tax strategies concocted by the Bank One Enterprise had a business purpose as well as economic substance;

v.     Directing and assisting Plaintiff in making cash contributions to various entities formed for the purpose of carrying out the tax strategies concocted by the Bank One Enterprise;

w.     Soliciting, assembling and paying allegedly independent third parties to review and advise as to the legitimacy of the tax strategies at issue and, as a result, substantially compromising such third parties so that they could not and did not fulfill their fiduciary and other good faith obligations to the Plaintiff.

x.     Making and endorsing statements and representations contained in the Bank One Enterprises' oral advice, instructions, and recommendations;

y.     Directing, instructing, and assisting Plaintiff in carrying out each of the steps of tax strategies concocted by the Bank One Enterprise;

z.      Directing, instructing, and assisting Plaintiff in purchasing and/or utilizing stocks, bonds and/or foreign currency to carry out the tax strategies concocted by the Bank One Enterprise;

aa.     Failing to advise, recommend, and instruct Plaintiff to amend its tax returns, timely or otherwise;

bb.     Advising Plaintiff that IRS Notice 2000-44 did not apply to the tax strategies concocted by the Bank One Enterprise and/or that it did not impact such strategies;

cc.     Failing to advise, recommend and/or instruct Plaintiff to amend its tax returns in light of IRS Notices or Announcements or otherwise;

dd.     Advising Plaintiff that the tax strategies concocted by the Bank One Enterprise was valid and proper in spite of IRS Notice 2000-44;

ee.     Failing to ensure that the transactions into which the Bank One Enterprise advised each Plaintiff to enter complied with applicable State and Federal Rules and Regulations;

ff.     Failing to comply with its ethical obligation to Plaintiff;

gg.     Providing erroneous legal, banking and tax opinions and advice; and

hh.     Enticing, recommending, advising, assisting and directing Plaintiff to enter into a transaction that, unbeknownst to the Plaintiff, likely would be deemed abusive and improper and would be disallowed and held invalid by the IRS on the grounds that the transaction lacked economic substance, had no business purpose, was a "sham transaction," and violated the step transaction, sham transaction, and economic substance doctrines, despite the

representations to the contrary in the tax legal opinions provided by the Bank One Enterprise.

ii.    Failing to notify Plaintiff that the Bank One Enterprise and its co-conspirators schemed to place hundreds of customers into these tax strategies will full knowledge that they would not pass IRS muster.

75.    The Bank One Enterprise either knew or reasonably should have known its representations, recommendations, advice, instructions, and opinions to be false. In addition, the rendering of such representations, recommendations, advice, instructions and opinions, as well as the failure to advise Plaintiff of the omissions as set forth herein, was negligent, grossly negligent, and reckless.

76.    Plaintiff fully performed its obligations as directed by the Bank One Enterprise and thus did not contribute to the intentional, negligent, grossly negligent, and/or reckless acts in any way.

77.    In reasonable reliance on the Bank One Enterprise's false affirmative representations and intentional omissions of material facts regard the transactions at issue, Plaintiff paid exorbitant fees to execute the transaction, purchased unnecessary investments, did not avail itself of alternative tax savings opportunities, filed federal and state tax returns that have been and/or likely will be deemed to reflect improper deductions for capital and ordinary losses resulting from the transactions, and did not amend its tax returns.

78.    But for the Bank One Enterprise's failure to meet the applicable standard of care and the intentional and/or negligent misrepresentations and material omissions described herein, Plaintiff would never have engaged the Bank One Enterprise for advice on the tax strategies concocted by the Bank One Enterprise, engaged in the tax strategies, purchased unnecessary investments to effectuate the tax strategies,

filed Federal and State tax returns that reflected deductions for capital and/or ordinary losses resulting from the tax strategies, failed to file amended returns for 2001 and/or failed to avail itself of other alternative tax savings opportunities.

79.     After discovering the Bank One Enterprise's professional malpractice and misrepresentations, Plaintiff incurred and will continue to incur substantial additional costs in hiring new tax and legal advisors to rectify the situation.

80.     As a result of the Bank One Enterprise's conduct set forth herein, Plaintiff has suffered injury in that it, among other things: 1) paid to the Bank One Enterprise exorbitant fees, 2) purchased unnecessary investments to effectuate the transactions, 3) took undue financial risk, 4) likely will incur tax penalties and interest, 5) has incurred opportunity costs; 6) has and will continue to incur substantial additional costs in hiring new tax and legal advisors to rectify the situation, 7) has incurred reputational damage, and 8) has foregone alternative tax savings opportunities.

81.     As a proximate cause of the foregoing, Plaintiff has been injured in an actual amount to be proven at trial, and should be awarded damages in accordance with the evidence, plus attorneys' fees and costs.

## VIII.    NON-RICO CAUSE OF ACTION

## BREACH OF CONTRACT

82.     Plaintiff entered into oral contracts with the Bank One Enterprise to provide Plaintiff with professional competent tax advice and services and obtain legal advice and services.  In connection therewith, the Bank One Enterprise was required and expected to meet all applicable standards of care, to meet the fiduciary duties of loyalty and honesty, and to comply with all applicable rules of professional

conduct and to make all of the appropriate disclosures, including but not limited to: 1) identifying the various parties involved in the scheme, 2) revealing to the Plaintiff the number of other participants in the scheme, and 3) failing to reveal the collective number of the strategies and/or transactions that the Bank One Enterprise designed, created, engineered, implemented, marketed, promoted and/or sold, which, in fact, compromised the viability of all of the transactions globally, as the sheer volume of transactions caused a cascading effect upon the outcome of each individual transaction, invariably causing each one of them to be deemed potentially illegal and/or abusive;

83.    Plaintiff fully performed its obligations to the Bank One Enterprise under these contracts and thus did not contribute to the Bank One Enterprise breaches in any way.

84.    The Bank One Enterprise ignored its obligations and instead provided Plaintiff with advice, opinions, recommendations, representations and instructions that the Bank One Enterprise either knew or reasonably should have known to be wrong.  In addition, the rendering of such representations, recommendations, advice, instructions and opinions, as well as the failure to advise Plaintiff of the omissions set forth herein, was negligent, grossly negligent, and reckless.  Accordingly, the Bank One Enterprise failed to exercise the standard of care required of it and breached its contracts with Plaintiff.

85.    As a result of the Bank One Enterprise's conduct set forth herein, Plaintiff has suffered injury in that it, among other things: 1) paid to the Bank One Enterprise exorbitant fees, 2) purchased unnecessary investments to effectuate the transactions, 3) took undue financial risk, 4) likely will incur tax penalties and interest, 5) has incurred opportunity costs; 6) has and will continue to incur substantial additional costs in hiring new tax and legal advisors to rectify the situation, 7) has incurred reputational damage, and 8) has foregone alternative tax savings opportunities.

86.    As a proximate cause of the foregoing, Plaintiff has been injured in an actual amount to be proven at trial, and should be awarded damages in accordance with the evidence, plus attorneys' fees and costs.

## IX.    NON-RICO CAUSE OF ACTION

### CIVIL CONSPIRACY

87.    As described more fully herein, the Bank One Enterprise knowingly acted in concert to market and implement the fraudulent and abusive tax shelter transactions. In doing so, it acted with full knowledge and awareness that the transaction was designed to give the false impression that a complex series of financial transactions were legitimate business transactions which had economic substance from an investment standpoint, when they in fact lacked those features (which were necessary for successful tax strategies).

88.    The Bank One Enterprise and its co-conspirators acted as described herein according to a predetermined and commonly understood and accepted plan of action, all for the purposes of obtaining professional fees from consumers, including the Plaintiff.

89.    The acts of the Bank One Enterprise and its co-conspirators were contrary to numerous provisions of law, as stated herein.

90.    There was a meeting of the minds between and among the Bank One Enterprise and its co-conspirators and other individuals and entities, both known and unknown, to commit the unlawful acts alleged herein. This conspiracy to commit these unlawful, overt acts, proximately caused and continues to cause Plaintiff damages as set forth herein.

91.     As a result of the conduct of the Bank One Enterprise and its co-conspirators, the Plaintiff

has suffered injury to its business and property in that Plaintiff has paid to the Bank One Enterprise

exorbitant fees and has incurred actual damages and losses in an amount to be proven at trial; likely will

incur tax penalties and interest and disallowance of other certain deductions; has incurred and will continue

to incur substantial additional fees and costs in hiring new tax and legal advisors to rectify the situation; and

has foregone alternative tax savings and investment opportunities.

## X.   NON-RICO CAUSE OF ACTION

### UNFAIR TRADE PRACTICES.

92.     The Louisiana Unfair Trade Practices and Consumer Protection Law, L.S.A. R.S. 51:1401

prohibits unfair or deceptive methods, acts or practices in trade or commerce.

93.     The Bank One Enterprise has engaged in unfair and deceptive trade practices for the

purpose and with the effect of obtaining tremendous amounts of fees for tax advice that has been

determined to be incorrect and which was intended to deceive both the Plaintiff, the Internal Revenue

Service and other state taxing authorities.

94.     The Bank One Enterprise, specifically Defendant Bank One Corporation d/b/a/ Bank One

Innovative Strategies Group, upon information and belief, had a business purpose which was to solicit high

net worth individuals and business entities to participate in its scheme to provide tax advice to such

individuals and business entities.  This purpose was unrelated to traditional banking practices, as

contemplated by the Louisiana Unfair Trade Practices and Consumer Protection Law.

95.     As a result of Defendants' violation of the Louisiana Unfair Trade Practices and Consumer

Protection Law, Plaintiff herein is entitled, pursuant to L.S.A. R.S. 51:1408, to the return of all fees and

44

commissions that were paid for the unlawful advice and any resultant interest or penalties that it will be forced to pay to the Department of the Treasury or any state taxing authority as a result of having participated in an abusive tax shelter.

## XI.   DAMAGES

96.     As a proximate cause of the Bank One Enterprise's violation of 18 U.S.C. §§1962(a) - (d), the Plaintiff has been injured in its business or property for the reasons described herein and because it was forced to expend a substantial amount of money in fees to the Bank One Enterprise for the false and fraudulent advice, and has paid and continues to incur substantial additional costs and expenses for engaging attorneys, tax attorneys, accountants and experts in an attempt to rectify the wrongs perpetrated against it.

97.     The Bank One Enterprise has exposed Plaintiff to substantial additional tax liability, including interest and penalties, due to Plaintiff's filing of tax returns based on the Bank One Enterprise's illegal and/or abusive tax advice and its failure to advise Plaintiff to amend those returns.

98.     The Bank One Enterprise and its co-conspirators have caused Plaintiff to incur severe financial and business losses.

99.     As set forth herein, as a result of the conduct of the Bank One Enterprise and its co-conspirators, the Plaintiff has suffered injury to its business and property in that Plaintiff has paid to the Bank One Enterprise exorbitant fees and has incurred actual damages and losses in an amount to be proven at trial; likely will incur tax penalties and interest and disallowance of other certain deductions; has incurred and will continue to incur substantial additional fees and costs in hiring new tax and legal advisors to rectify the situation; and has foregone alternative tax savings and investment opportunities.

45

100.    Pursuant to 18 U.S.C. §1964(c), Plaintiff is entitled to threefold the amount of actual damages suffered by it due to the actions of the Bank One Enterprise.

101.    Plaintiff is also entitled to be awarded the costs incurred in this suit, pre-judgment interest, reasonable attorneys' fees and all other damages authorized by law.

## XII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ducote Jax Holdings, L.L.C. prays for judgment as follows:

102.    As to the RICO claim, a judgment in favor of Plaintiff and against each Defendant jointly and severally, for actual damages in an amount to be proven at trial, plus treble damages, attorneys' fees, interest and costs;

103.    As to the Declaratory Judgment and Unjust Enrichment claim, an order on behalf of Plaintiff entering the declaratory relief prayed for herein, together with the return to the Plaintiff all amounts by which Defendants have been unjustly enriched;

104.    As to the Breach of Fiduciary Duty claim, a judgment in favor of the Plaintiff against each Defendant jointly and severally, for actual damages in an amount to be proven at trial, plus attorneys' fees, interest and costs;

105.    As to the Fraud claim, a judgment in favor of the Plaintiff against each Defendant jointly and severally, actual damages in an amount to be proven at trial, plus attorneys' fees and costs, and return of all monies paid by Plaintiff herein;

106.    As to the Negligent Misrepresentation claim, a judgment in favor of the Plaintiff against each Defendant jointly and severally, actual damages in an amount to be proven at trial, plus attorneys' fees and costs;

46

107.    As to the Breach of Contract claim, a judgment in favor of the Plaintiff against each Defendant jointly and severally, actual damages in an amount to be proven at trial, plus attorneys' fees and costs;

108.    As to the Civil Conspiracy claim, a judgment in favor of the Plaintiff against each Defendant jointly and severally, actual damages in an amount to be proven at trial, plus attorneys' fees and costs;

109.    As to the Unfair Trade Practices claim, a judgment in favor of the Plaintiff against each Defendant jointly and severally, actual damages in an amount to be proven at trial, plus attorneys' fees and costs and for the return of fees that were paid for the unlawful advice and any resultant interest or penalties that it will be forced to pay to the Department of the Treasury or any state taxing authority;

110.    Against each Defendant, actual damages, including Plaintiff's tax liability, interest and penalties; attorneys' fees; costs; interest; and such other and further relief as the Court may deem just and proper; and

111.    That the Court grant such other, further, and different relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**GLADSTONE N. JONES (#22221), T.A.**
**PETER N. FREIBERG (#22912)**
**LYNN E. SWANSON (#22650)**
**JONES, VERRAS & FREIBERG, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Telecopier: (504) 523-2508
**Counsel for Plaintiff**