UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DUCOTE JAX HOLDINGS, L.L.C. et al** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 04-1943** |
| **BANK ONE CORPORATION, et al** | * | **SECTION "L"(2)** |

**ORDER**

Pending before the Court is the Defendant William Bradley's Objections to the August 2, 2006 Order of the United States Magistrate Judge (Rec. Doc. No. 202). The Court will construe the Defendant's objections as an appeal of the Magistrate Judge's decision. The Defendant claims that the Magistrate Judge (i) did not address the issues presented concerning the applicability of the Settlement Agreement and Release executed by the Plaintiffs and other Defendants in the lawsuit; (ii) incorrectly found Plaintiffs' actions to constitute good faith efforts under Local Rule 37.1E and (iii) abused his discretion in holding that the Defendant waived his right to object to the written discovery requests, ordering that all matters set forth in Plaintiffs' request for admission were deemed admitted, ordering the Defendant to respond to written discovery within ten days and assessing attorney's fees.

The Court finds that the Magistrate Judge's Order clearly demonstrates that he took the issue of the Settlement Agreement into consideration when he determined that Defendant's objections were not timely and the Settlement Agreement issue did not excuse Defendant from responding to the discovery requests. Indeed, Defendant's counsel did not communicate his client's objections or refusal to respond to discovery requests until one week after the discovery deadline passed.

-1-

Additionally, the Magistrate Judge's decision that Plaintiffs' counsel's actions constituted good faith efforts was not clearly erroneous or contrary to law. The Plaintiffs' counsel have submitted documentary evidence of four occasions whereby they attempted to contact either Defendant or his counsel within the discovery period and schedule Defendant's deposition. All correspondence went unanswered. Plaintiffs' counsel also submitted an affidavit attesting that she attempted to contact Defendant's counsel by phone, but was unable to leave him a message or otherwise reach him. The Court agrees with the Magistrate Judge's determination that these efforts of Plaintiffs' counsel were made in good faith under Local Rule 37.1E.

As the Defendant or his counsel failed to respond within the discovery period to Plaintiff's numerous requests made in good faith effort, the Court finds that the Magistrate Judge did not abuse his discretion when he held that the Defendant waived his right to object to written discovery, ordered that all matters set forth in Plaintiffs' request for admission were deemed admitted, ordered the Defendant to respond to written discovery within ten days, and assessed attorney's fees.

Accordingly, IT IS ORDERED that the Defendant's Appeal of the Magistrate Judge's Order is DENIED.

New Orleans, Louisiana, this __26th__ day of October, 2006.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE