UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DUCOTE JAX HOLDINGS, L.L.C., et al.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 04-1943** |
| | * | |
| **BANK ONE CORPORATION, et al.** | * | **SECTION "L"(2)** |

## ORDER & REASONS

Before the Court is Plaintiffs Ductoe Jax Holdings, L.L.C., David L. Ducote, Steven O. Medo, Jr., and Poydras Partners' Application for an Award of Attorneys' Fees and Court Costs. (Rec. Doc. No. 245). The Court finds that attorneys' fees and costs should be awarded in the following manner and amounts.

**I.     Factual and Procedural Background**

The Plaintiffs filed suit alleging claims under 18 U.S.C. §§ 1961-1968, § 901(a) of Title IX of the Organized Crime Control Act of 1970, as amended, otherwise known as the Racketeer Influenced and Corrupt Organization Act ("RICO"), and in particular § 1964. Plaintiffs first filed a complaint on July 8, 2004. Through that complaint and several amending and supplemental pleadings,[1] the Plaintiffs asserted claims against William E. Bradley, a Louisiana attorney; Bank One, NA (now part of JP Morgan Chase Bank NA); three Bank One executives,

---

[1] The Plaintiffs filed their original complaint on July 8, 2004, a First Amended and Supplemental Complaint on November 4, 2004, and a Third Amended and Supplemental Complaint on August 2, 2005. The summary of the Plaintiffs' claims is based on the Second Amended and Supplemental Complaint which amends and supplements the previously filed complaints in their entirety. The Third Amended and Supplemental Complaint only amends a number of specific paragraphs asserted in the preceding complaints and adds plaintiffs. The Plaintiffs also filed a RICO Statement on July 28, 2004, which was thereafter amended on January 26, 2005.

John B. Ohle, III, Scott D. Deichmann and Jeffrey T. Conrad; Deutsche Bank AG; Deutsche Bank Securities, Inc. (together with Deutsche Bank AG, "Deutsche Bank"); American Express Tax and Business Services, Inc. ("Amex," now known as RSM TBS); three Illinois tax attorneys, Paul M. Daugerdas, Erwin Mayer, and Donna Guerin; and Paul M. Daugerdas Chartered ("DMG Group"), an Illinois corporation formed by Paul M. Daugerdas to render legal services,[2] (together, "Defendants") for their alleged roles in colluding, soliciting and inducing the Plaintiffs and other high net-worth individuals to participate in a tax strategy that the Internal Revenue Service ("IRS") has found to be an unregistered tax shelter.  The tax strategy involved the purchase and sale of foreign exchange digital options, known as "FX Contracts."  In their complaint, the Plaintiffs state that they filed corporate and individual tax returns upon the advice of the Defendants, assuming the strategy was lawful though the Defendants knew or should have known it was improper and illegal.

In early 2006, the Plaintiffs settled all claims with the Defendants except those against William E. Bradley.  The Plaintiffs claim that he was a member of the conspiracy and he was paid $255,000.00 from money that the Plaintiffs paid to the Defendants' enterprise for its false and fraudulent advice.  Furthermore, the Plaintiffs claim that evidence reveals that Bradley invested the money back into the enterprise, including a payment of $46,000.00 to former Defendant and co-conspirator John Ohle and a payment of $184,000.00 to an unknown third party and co-conspirator JDC Group, Inc.  Bradley kept the remaining $25,000.00, and the Plaintiffs contend that Bradley did not perform any work warranting the compensation paid to

---

[2] Additional parties were also included as Defendants, but are left out for purposes of recounting the factual and procedural summary of the case.

him, and furthermore, Bradley's participation was never disclosed to them. They claim that they did not even learn of Bradley's involvement or the $255,000.00 paid to him until 2004 when they received documents from Jenkens & Gilchrist pursuant to an IRS investigation.

On July 5, 2007, the Court issued its Findings of Fact and Conclusions of Law in this case. The Court held that Bradley was liable to the Plaintiffs for violations of 18 U.S.C. § 1962(a), (c) and (d); breach of fiduciary duty; negligent misrepresentation; fraud; and civil conspiracy. Further, the Court found that the Plaintiffs were entitled to $690,000, plus costs and reasonable attorneys' fees for Bradley's violation of 18 U.S.C. § 1962(a); $6,432,600, plus costs and reasonable attorneys' fees for Bradley's violation of 18 U.S.C. § 1962(c) and (d); or $2,144,200 for Bradley's breach of fiduciary duty, negligent misrepresentation, fraud and civil conspiracy.[3] The Court ordered the parties to brief the issue of the amount of attorneys' fees and costs. The Plaintiffs have submitted a motion for attorneys' fees of $545,030.00, with an upward adjustment by a factor of three, and costs in the amount of $17,935.62.

## II.     Law and Analysis

### 1.     Attorneys' Fees

RICO permits "[a]ny person injured in his business or property by reason of a violation" of RICO's criminal provisions to recover treble damages and attorneys' fees. 18 U.S.C. 1964(c); *see also McCaleb v. A.O. Smith Corp.*, 200 F.3d 747, 751 (11th Cir. 2000). As stated above, the Plaintiffs prevailed on their civil RICO claims, and the Court determined that they are entitled to attorneys fees.

---

[3] The Court stated that the awards were stated as alternative awards because the case involved multiple theories of liability. The total amount recoverable by the Plaintiffs is $6,432,000, plus reasonable attorneys' fees and costs.

Within this Circuit, courts typically calculate attorney's fees by using the "lodestar" method. The first step in this process is to determine the reasonable amount of hours expended on the litigation and the reasonable hourly rate for the attorneys. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). A fee applicant bears the burden of establishing her entitlement to an award and documenting the hours spent and the hourly rates. *Id.* at 324. To do this, the applicant should maintain contemporaneous billing records. *Id.* The Court then multiplies the reasonable hours by the reasonable hourly rates to arrive at the base lodestar. *Id.* (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

The Court can then either increase or decrease the base lodestar based on an analysis of the *Johnson* factors. *Thompson v. Connick*, 2007 WL 1772060, *1 (E.D. La. June 18, 2007). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skills required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

### A.     Reasonable Hours

With respect to the hours claimed, the court must determine whether such hours were reasonably expended on the litigation. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). In order for the Court to determine whether the hours claimed are reasonable, court

typically require applicants to produce contemporaneous billing records or other sufficient documentation in order to examine the application for noncompensable hours. *Louisiana Power & Light*, 50 F.3d at 324. Attorneys seeking fees should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "If an attorney failed to exercise billing judgment, then a court may reduce the number of hours awarded, either by a percentage or on a line-by-line basis." *Cavaretta v. Entergy Corp. Companies' Benefits Plus*, 2005 WL 1038532, *2 (E.D. La. April 29, 2005). The attorney should be awarded fees for all time reasonably expended during the matter. *Id.* (citing *Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002)).

In their motion for attorneys' fees and costs, the Plaintiffs did not initially produce copies of their attorneys' billing records, but rather stated that the contemporaneous time sheets and documentation of invoices for the costs incurred were maintained at Plaintiffs' counsel's office and would be made available upon request by the Court or Bradley. The Court continued the hearing date for the Plaintiffs' motion for attorneys' fees and ordered that the Plaintiffs file with the Court all contemporaneous time sheets, documentation of the invoices for costs and any other documentation to support their attorneys' work on their behalf and provide a copy of these materials to the Defendant. (Rec. Doc. No. 247) Plaintiffs' counsel claims a total of 2,052 hours.

As stated above, in early 2006, the Plaintiffs settled their claims against all of the Defendants except Bradley. On June 19, 2006, the Plaintiffs and several Defendants filed a joint


motion to dismiss because the parties reached an amicable resolution of their claims.  (Rec. Doc. No. 190)  The Court granted the motion on June 21, 2006, thereby dismissing all of the Defendants other than Bradley.  (Rec. Doc. No. 191)  The Court finds that Plaintiffs' counsel's hours prior to the settlement and the hours subsequent to the settlement must be addressed differently.

Typically, in a case involving multiple defendants, the party seeking attorneys' fees must allocate the time changeable to each defendant.  *Thiem v. Sigler*, 651 F. Supp. 460, 462 (W.D. Pa. 1985) (citing *Pawlak v. Greenawalt*, 713 F.2d 972, 979 (3d Cir. 1983)); *see also Banco de Ponce v. Negron*, 726 F. Supp. 926, 927-28 (E.D.N.Y. 1989) ("In addition, recovery of fees against Negron for work done in preparing the action against the Florida defendants with which plaintiff settled is improper.").  Specifically, a defendant should not be required to compensate a plaintiff for attorney time spent on a case against other defendants who settled.  *Id.*; *cf. Cavaretta*, 2005 WL 1038532 at *3 (quoting *Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)) ("When a plaintiff fails to prevail on a claim that is separate and distinct from his successful claims, the hours expended on the unsuccessful claim should be excluded from calculation of a reasonable fee.").  However, even if some of the time expended by plaintiffs' attorney relates to the settled defendants, the plaintiff may be compensated for that time if he can show that such time was fairly devoted to the prosecution of the claim against the remaining defendant.  *Thiem*, 651 F. Supp. at 462 (citing *Baughman v. Wilson*, 583 F.2d 1208, 1214 (3d Cir. 1978)).

First, after a review of Plaintiffs' counsel's time records, Plaintiffs' counsel expended 277.5 hours after June 21, 2006, the date on which all of the Defendants other than Bradley were dismissed due to the settlement.  The Court finds that most of the hours expended after June 21,

2006 were reasonable with the following exceptions.  There are several entries after the June 21, 2006 which appear to be related to the settlement agreement between the Plaintiffs and other Defendants.  The Court finds that these entries are not properly billed to Bradley.  For example: on June 22, 2006, Andrew Kramer spent 0.25 of an hour "review[ing] and respond[ing] to multiple emails regarding filing Motion to Dismiss"; on September 1, 2006, Lynn Swanson expended 0.25 of an hour "review[ing] and respond[ing] to email from Mary Scott, lawyer for J&G"; on March 29, 2007, Lynn Swanson spent 0.25 of an hour "[r]eview[ing] article regarding Jenkens closing"; and on April 2, 2007, Lynn Swanson spent 0.25 of an hour "[r]eviewing article in Wall Street Journal regarding Jenkens."[4]  In total, the Court finds that the time expended by Plaintiffs' counsel after June 21, 2006 should be reduced by one hour, for a total of 276.5 hours.

    For the period before June 21, 2006, Plaintiffs' counsel expended 1,774.5 hours on this case.  Bradley was not named as a defendant in the Plaintiffs' initial complaint filed on July 8, 2004, rather, he was added as a Defendant in the Plaintiffs' First Amended and Supplemental Complaint filed on November 4, 2004.  During this period from July 8 to November 4, Plaintiffs' counsel expended 393.25 hours.  From October 4, 2006 until June 21, 2006, Plaintiffs' counsel expended 1,381.25.  A review of the time records indicates that the vast majority of the time entries from the inception of the case until the settlement was spent dealing with issues that did not directly involve Bradley.  The Court finds that it would be wholly inappropriate to require

---

       [4] The time entry on April 2, 2007 is for a total of 1.25 hours and, in addition to reviewing the Wall Street Journal article, Lynn Swanson also "work[ed] on drafting Motion for Summary Judgement."  While the work on the summary judgment motion is properly allocated to Bradley, the review of the Wall Street Journal article is not, and because the smallest increment of time used by Plaintiffs' counsel is 0.25 of an hour, the Court has excluded that amount.

Bradley to compensate Plaintiffs for all of this time. However, the Court does recognize that some of the time spent by Plaintiffs' counsel on issues that do not directly involve Bradley did contribute to the Plaintiffs' claims against Bradley. There were initially twelve defendants in this case. Accordingly, the Plaintiffs may recover attorneys' fees from Bradley for 1/12th of the hours expended prior to June 21, 2006, or 147.25 hours. In total, the Court finds that the Plaintiffs may be compensated for 423.75 hours expended by Plaintiffs' counsel.

### B.  Reasonable Rate

Typically, the rate is determined by looking at "the prevailing market rates in the relevant legal community." *Cavaretta*, 2005 WL 1038532 at *1 (quoting *Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002)). The applicant bears the burden of producing satisfactory evidence that the requested rate (or rates) is within the prevailing market. *Deltatech Const., LLC v. Sherwin-Williams Co.*, 2005 WL 3542906, *3 (E.D. La. Nov. 3, 2005) (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)). At a minimum, such evidence is more than the affidavit of the attorney performing the work. *Id.* (citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).Plaintiffs seek the following rates for the period from the inception of the case until May 31, 2006:

| Attorney Peter N. Freiberg | $225.00 per hour |
| Attorney Kevin E. Huddell | $250.00 per hour |
| Attorney Gladstone N. Jones, III | $325.00 per hour |
| Attorney Andrew L. Kramer | $250.00 per hour |
| Attorney Lynn E. Swanson | $250.00 per hour |

   Attorney Paul H. Villalobos   $225.00 per hour

On June 1, 2006, Plaintiffs' counsel assert that it increased its hourly rates and the following rates applied:

   Attorney Eberhard D. Garrison   $275.00 per hour

   Attorney Kevin E. Huddell   $250.00 per hour

   Attorney Gladstone N. Jones, III   $390.00 per hour

   Attorney Andrew L. Kramer   $300.00 per hour

   Attorney Lynn E. Swanson   $300.00 per hour

   Attorney Paul H. Villalobos   $275.00 per hour

  In *White v. Imperial Adjustment Corp.*, the court provided a summary of twenty-first century rates in this district. 2005 WL 1578810, *7-*8 (E.D. La. June 28, 2005). In this survey, the court found that rates ranging from $150 to $225 per hour were reasonable based on the qualifications and circumstances for each of these attorneys. *Id.* For example, the court noted that a rate of $225 per hour was reasonable for an attorney with more than 25 years of experience, *Id.* (citing *Henderson v. Eaton*, 2002 WL 31415728, *5 (E.D. La. Oct. 25, 2002)), and $150 per hour for an attorney with only 8 years of experience, *Id.* (citing *Jimenez v. Paw-Paw's Camper City, Inc.*, 2002 WL 257691, *22 (E.D. La. Feb. 22, 2002)).

  Based on the information provided by Plaintiffs' counsel, the Court finds it difficult to determine whether all of the rates requested as reasonable; this is so because Plaintiffs' counsel has failed to provide any information regarding the various attorneys experience level or qualifications other than that of Ms. Swanson. Ms. Swanson has 14 years of experience and is an associate at the law firm of Jones, Verras & Freiberg, L.L.C. *See*, Pls. App. Attorneys' Fees,

Swanson Aff., Rec. Doc. No. 245. In *Green v. Administrators of Tulane Educational Fund*, the Fifth Circuit approved an award of $175 per hour for an attorney who practiced employment law in the New Orleans area for fourteen years. 284 F.3d 642, 662 (5th Cir. 2002). The Court finds, based on a review of the prevailing rates for attorneys with this experience, that $175 per hour for Ms. Swanson is a reasonable rate.

Ms. Swanson accounts for the vast majority of the time spent by Plaintiffs' counsel. Indeed, of the requested 2052 hours, Ms. Swanson expended 1231.5 of these hours, or 60% of the total request. Based on the percentage of time that Ms. Swanson expended as compared to the total number of hours requested and the lack of information regarding the other attorneys that billed time for this engagement, the Court finds that it is reasonable to apply the $175 per hour rate to the reasonable hours.

### C. Calculation of the Loadstar

The loadstar amount of reasonable hours multiplied by the reasonable rate is $74,156.25.

### D. The *Johnson* Factors

"The loadstar ... is presumptively reasonable," and should be enhanced or reduced in only exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993). After reviewing the record and considering the factors articulated in *Johnson*, the Court finds that the loadstar amount is reasonable and that no further adjustment is necessary.

### 2. Costs

Plaintiffs also seek reimbursement of costs of $17,935.62, and request that the Court treat their application as a request for taxable costs by the Clerk of Court, as if they applied for the taxation with the Clerk of Court.

Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs "to the prevailing party unless the court directs otherwise." Fed. R. Civ. P. 54(d)(1). The Fifth Circuit strongly presumes that a court will award costs to a prevailing party. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992). Title 28, United States Code, Section 1920 identifies recoverable costs as: (1) fees of the clerk and marshall; (2) fees of the court reporter used for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. §1828. 28 U.S.C. § 1920. The Court may decline to award costs listed in the statute, but may not award costs omitted from the list. *Compton v. Taylor*, 2006 WL 1789045, *3 (S.D. Tex. June 27, 2006) (citing *Crawford Fitting Co. v. JT Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

Plaintiffs seek reimbursement of the following expenses after June 21, 2006: $1620.89 for photocopies; $1087.11 for electronic legal research; $17.13 for long distance telephone calls; $124.75 for facsimiles; $71.78 for postage (including FedEx); $916.00 for deposition transcripts; $38 for PACER charges; $45 for hand delivery charges; $121.59 for trial transcripts; $130 for service; and $51.62 for travel. From the inception of the case until June 21, 2006, Plaintiffs seek reimbursement of the following costs: $4261.42 for photocopies; $2141.36 for electronic legal research; $63.42 for long distance telephone calls; $506.45 for facsimiles; $536.85 for postage (including FedEx); $179.16 for PACER charges; $265 for hand delivery charges; $775.43 for service; $4,999.54 for travel; and $300 in filing fees.

### A.   Photocopy Charges

Typically, the costs of photocopies that were necessarily obtained for use in the litigation are recoverable upon proof of necessity. *Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 372 (E.D. Tex. 2007) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)). While the requesting party need to identify every photocopy, it must demonstrate some connection between the costs incurred and the litigation. *Id.* "Charges for multiple copies of documents, attorney correspondence, and other such items are not recoverable." *Id.* (quoting *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)).

In Plaintiffs' counsel's billing statement there are numerous entries for photocopies. Each entry is typically a monthly charge for internal photocopies that includes the number of copies, the cost per copy and the total cost. The statements do not categorize the photocopies or indicate what was copied or how such copies were used. In her affidavit, Ms. Swanson states that she believes that all of the charges were proper and necessarily incurred, but has failed to provide any information by which the Court can determine the necessity of the photocopies. Plaintiffs have fails to meet their burden of showing necessity, and the Court denies the request for reimbursement of photocopy charges. *See Wright v. Blythe-Nelson*, 2004 WL 2870082, *10 (N.D. Tex. Dec. 13, 2004).

### B.   Long Distance, Facsimile, Postage, Electronic Legal Research, Hand Delivery, Travel and Meal Expenses

Miscellaneous expenses such as postage, facsimiles, electronic legal research, travel expenses and attorney meals are not recoverable under § 1920. *Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 372 (E.D. Tex. 2007); *see also Arboireau v. Adidas Saloman*

*AG*, 2002 WL 3146654, *4 (D. Or. June 14, 2002) (applying § 1920 in awarding costs in RICO case). Additionally, courier fees are not recoverable costs. *See Compton*, 2006 WL 1789045 at *3. Accordingly, the Court declines to reimburse Plaintiffs for these costs.

### C. Private Process Servers

With respect to the requested service fees, district courts in this circuit are spilt as whether to allow fees for private process servers. *Compare Halliburton Energy Services, Inc.*, 244 F.R.D. at 371 (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997)) ("Private process server fees are not recoverable fees of the clerk and marshal under § 1920.") *with Compton*, 2006 WL 1789045 at *3 (citing *Landry v. St. James Parish Sch. Bd.*, 2000 WL 1741886, *1 (E.D. La. Nov. 22, 2000)) (noting that while not expressly provided for in the statute, other courts have allowed private process server fees and allowed such fees in the case). The Court is persuaded that private process server fees in this case are not recoverable under § 1920.[5]

### D. PACER Charges

The Court finds that PACER charges incurred by Plaintiffs are fees of the clerk under 28 U.S.C. § 1920(1). The Plaintiffs incurred $38 in PACER charges after June 21, 2006, and the Court will award those fees to the Plaintiffs. Prior to June 21, 2006, the Plaintiffs incurred $179.16 in PACER charges. The Court finds that the Plaintiff would most likely be unable to

---

[5] In disallowing private process server fees in *Cypress-Fairbanks Independent School District v. Michael F.*, the Fifth Circuit stated that "[a]s there was nothing exceptional about the parties or the nature of the case, the district court should have denied these unnecessary private service costs." 118 F.3d at 257. To the extent that private process server fees are allowed in exceptional circumstances, the Court finds that the Plaintiffs case against Bradley does not rise to that level.

allocate such PACER fees among the Defendants, and will award Plaintiffs the full amount requested, for a total award of $217.16.

### E. Deposition Transcripts

Plaintiffs seek costs in the amount of $916.00 for obtaining copies of the depositions transcripts of Bradley, David Ducote and Wayne Ductoe.  Costs related to taking and obtaining copies of depositions is allowed if the materials were necessarily obtained for use in the case. *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).  The Court finds that these materials were necessarily obtained for use in the case, and awards to the Plaintiffs the $916.00 requested.

### F. Trial Transcripts

Plaintiffs request $121.59 for obtaining copies of the trial transcript.  The Court finds that such materials were necessarily obtained by the Plaintiffs due to the extensive post-trial briefing that occurred in this case.  Accordingly, the Court will award $121.59 to the Plaintiffs for such costs.

### G. Filing Fees

Plaintiffs request $300 for filing fees in connection with the filing of the complaint in this case.  This request encompasses two charges: one on July 8, 2004, and a second on December 29, 2004, both for $150.00.  The July 8, 2004 charge relates to the filing of the Plaintiffs' initial complaint, in which Bradley was not a named Defendant.  Accordingly, the Court declines to award the $150.00 filing fee charge incurred in July of 2004.   The December 29, 2004 charge appears to relate to the filing of the Plaintiffs' Second Amended Complaint, in which Bradley was named as a Defendant.  The Court will award to the Plaintiffs the $150.00 charge incurred in December of 2004.

## III.     Conclusion

Accordingly, IT IS ORDERED that Plaintiffs' Motion for Attorneys' Fees is GRANTED IN PART, and Plaintiffs are entitled to recover attorneys' fees in the amount of $74,156.25. IT IS FURTHER ORDERED that the Plaintiffs shall recover $1,593.50 in costs from Bradley.

New Orleans, Louisiana, this 28th day of November, 2007.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE